# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALTA GARRETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **VERNA RUFFIN,** | § | **SA-06-CA-0174 OG (NN)** |
| **MOLLYE WILLIAMS, and** | § | |
| **JUDSON INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    **Hon. Orlando Garcia**
       **United States District Judge**

The matter before the Court is plaintiff's motion to reconsider (docket entry 20) the Court's Order granting in part defendants' motion to dismiss (docket entry 9).

In that Order the Court dismissed plaintiff's state law tort claims (defamation, invasion of property, civil conspiracy, intentional infliction of emotional distress and negligence) based on sovereign immunity. The court also dismissed plaintiff's official capacity claims against defendants Ruffin and Williams for the same reason. Finally, the Court denied defendants' motion to dismiss plaintiff's retaliation claims, rejecting the argument that the Court was without jurisdiction over those claims.

Plaintiff requests reconsideration of the Order and argues that the Court committed a clear error of law and that reconsideration is necessary to prevent manifest injustice. Specifically, plaintiff argues that her state tort claims are related to her retaliation and other federal questions

so as to preclude their dismissal.  She also argues that sovereign immunity does not extend to the claims she has made in this case.

The motion to reconsider "is found nowhere in the Federal Rules of Civil Procedure."[1] Most courts allow motions to reconsider under the umbrella of Federal Rule of Civil Procedure 8(f) which requires all pleadings to be construed "as to do substantial justice."[2]  However,

> to conserve limited judicial resources, rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.[3]

In this case, plaintiff has provided no new legal or factual basis for reconsideration.

Neither has plaintiff presented "substantial reasons for reconsideration."  The case authority cited by plaintiff to support her reading of sections 101.021, 101.025 and 101.051 of the Texas Civil Practice and Remedies Code, in fact supports the Court's conclusion that sovereign immunity bars her state law claims.[4]

For this reason, I recommend the motion to reconsider be DENIED.

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to

---

[1] **State of Louisiana v. Sprint Communications Co.**, 899 F.Supp. 282, 284 (M.D. La. 1995).

[2] **Id**.

[3] **Id**.

[4] **Scott v. Prairie View A & M University**, 7 S.W. 3d 717, 719 (Tex. App. – Houston [1st Dist.] 1999) ("Under the Act, immunity may be waived if the claim falls within a specific area of liability and does not fall under one of the exceptions. (Citation omitted)  The Act waives sovereign immunity in the following circumstances: (1) when an injury is caused by an employee's use of a motor-driven vehicle; or (2) when an injury is caused by a condition or use of tangible personal or real property. Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). However, this waiver of immunity does not extend to an injury arising from an intentional tort or governmental discretionary conduct. Tex. Civ. Prac. & Rem.Code Ann. § 101.057 (Vernon 1997).")
.

all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  According to Title 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the District Court.

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[5]  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[6]

SIGNED on June 27, 2006.

*Nancy Stein Nowak*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 339 (5th Cir. 2000).

[6] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).