UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTA GARRETT, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| VERNA RUFFIN, | § | SA-06-CA-0174 OG (NN) |
| MOLLYE WILLIAMS, and | § | |
| JUDSON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING MOTION TO STRIKE (DOCKET ENTRY 17)

The matter before the Court is defendants' motion to strike and plaintiff's response thereto (docket entries 17 and 19).

By their motion defendants ask the Court to strike several of plaintiff's recent submissions, including plaintiff's motion to amend and motion to join the Board of Trustees of Judson ISD as a party defendant (docket entries 12 and 13). In support of its motion, defendants argue that the motions are an attempt to circumvent the Court's previous Order granting defendants' motion to dismiss plaintiff's state law claims of defamation, invasion of privacy, conspiracy, intentional infliction of emotional distress and negligence. Defendant also argues that the attempt to join the Board of Trustees as a party defendant is unnecessary as a claim against the Board is, in all respects other than name, a claim against the entity.[1]

---

[1] **New Caney Independent School District Board of Trustees v. Burnham Autocountry, Inc.**, 960 S.W.2d 957, 959 (Tex. App.-Texarkana 1998) ("In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity.") **See also McCall v. Dallas ISD,** 2001 WL 1335853 (N.D. Tex. 2001) (Court held that plaintiff's claims against the Board of Trustees were redundant of her action against the school district and accordingly dismissed).

Plaintiff's response simply repeats the arguments which I rejected in the Memorandum and Recommendation signed on June 27.  The District Court did not commit a clear error of law in granting the motion to dismiss the state law claims based on sovereign immunity.  Additionally, plaintiff has failed to provide any authorities which support her position that she will be denied complete relief without the presence of the Board as a party to this litigation.

For these reasons, it is ORDERED that the motion to strike is GRANTED.

**SIGNED** on June 27, 2006.

*[signature: Nancy Stein Nowak]*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE