UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTA GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JUDSON INDEPENDENT SCHOOL DISTRICT, | § | SA-06-CA-0174 OG (NN) |
| | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR SANCTIONS
### AND ADMONISHING THE PLAINTIFF'S ATTORNEY

Before the Court is the defendant's motion to strike and for sanctions (docket entry #33). In its motion, the defendant asked the Court to strike the plaintiff's memorandum (docket entry #32) opposing the defendant's motion to dismiss. The defendant complained that the plaintiff's memorandum contained unethical and inflammatory statements and that the memorandum violated Rule 11 of the Federal Rules of Civil Procedure by presenting arguments contrary to existing law. The defendant also opined that the contents of the memorandum violates the Lawyer's Creed because the response is disrespectful to the Court and to a fellow member of the bar. The defendant concluded by asking this Court to strike the memorandum and sanction the plaintiff's attorney in the form of attorney's fees for the motion.

Under Rule 11, the Court may impose sanctions against an attorney for signing, filing, or advocating a claim or other legal argument that is not warranted by existing law.[1] The plaintiff's memorandum addresses several claims that have already been dismissed as having no basis in existing law. Although plaintiff's attorney may have violated Rule 11, the motion to dismiss which

---

[1] *See* FED. R. CIV. P. 11.

it addressed has been granted (docket entry # 35). Accordingly, I will deny the motion to strike and for sanctions as moot.

Although I have determined that sanctions are not appropriate at this time, plaintiff's attorney is cautioned concerning his obligations under the Federal Rules. Zealous representation has it limits: Rule 11 establishes some of those limits. In Texas, the Lawyer's Creed establishes additional limits. I admonish the plaintiff's attorney concerning his duty to comply with Rule 11 and his obligation to present arguments based in existing law. Further argument and advocacy concerning causes of action which have been dismissed are not appropriate at this stage of the case. The Court considered those arguments when it considered the defendant's motions to dismiss. From this point on, the plaintiff's attorney should present arguments that are relevant to the plaintiff's remaining cause of action.

I also admonish the plaintiff's attorney concerning the importance of adhering to the Lawyer's Creed. Under the Lawyer's Creed, a lawyer must be courteous and civil in his oral and written communications with other lawyers and demonstrate respect for the Court and the law. I admonish the plaintiff's attorney about the importance of civility in his communications with opposing counsel and the need to show respect for the Court's authority.

With this matter resolved, this case will proceed in accordance with the scheduling order.

Accordingly, it is ORDERED that the motion for sanctions (docket entry # 33) is DENIED as MOOT.

**SIGNED** on November 28, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE