UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTA GARRETT, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| JUDSON INDEPENDENT SCHOOL DISTRICT, | § § § § | SA-06-CA-0174 OG (NN) |
| Defendant. | § | |

### ORDER DENYING MOTIONS FOR EXTENSION (DOCKET ENTRIES 37 AND 43)

The matters before the Court are plaintiff's motions to expand deadlines (docket entries 37 and 43), both of which are opposed by defendant.

By these motions plaintiff asks for an expansion of the deadline to designate an expert witness, for expansion of the discovery deadline, and rescheduling of the trial to June 2007.

The motion to extend the deadline for designating an expert witness was filed on November 27. The plaintiff's deadline to designate experts was August 18, 2006. Plaintiff states that counsel merely neglected to notice this deadline and that as soon as the error was noted, counsel attended to locating an expert.

With respect to the deadline for discovery, which was December 18, the day the motion to extend was filed, the plaintiff argues that she diligently pursued pretrial work and that due to defendant's lack of cooperation she was unable to complete necessary discovery. Defendant challenges plaintiff's characterization of events and argues that plaintiff has not shown good cause for expansion of deadlines. Plaintiff did not file a reply to defendant's response to either motion or

challenge defendant's recitation of events leading up to the filing of the requests.

Federal Rule of Civil Procedure 6(b) governs requests for extension. At a minimum movant must demonstrate "cause" for the request. With respect to enlargements filed after the expiration of the subject deadline, movant must also show that her failure to act was the result of "excusable neglect."

Here, plaintiff's motions appear to have been necessitated by the complete lack of diligence of her counsel. Notably, plaintiff did not propound interrogatories or document production requests until late November, failing to leave sufficient time after the due date for responses and before the expiration of the formal discovery period to follow up with additional discovery or motions to compel if required. She offers no viable excuse for her excessive delay in conducting discovery. Further, she offers no good reason for having failed to timely designate an expert; undoubtedly one of first things counsel in any lawsuit must consider and diligently pursue.

Having failed to demonstrate entitlement to the relief requested, the motions for extensions are DENIED. Defendant's requests for sanctions are also DENIED at this time.

It is so ORDERED.

**SIGNED** on January 17, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE