Tab 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTA GARRETT,<br>*Plaintiff,* | § § § | |
| VS. | § § | CIVIL ACTION NO. SA06-CV-0174 |
| JUDSON INDEPENDENT SCHOOL DISTRICT,<br>*Defendant.* | § § § § | |

**AFFIDAVIT OF ALTA GARRETT IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE NANCY STEIN NOWAK'S RECOMMENDATIONS**

| | |
|---|---|
| **STATE OF TEXAS** | § § |
| **COUNTY OF HARRIS** | § |

On this day, ALTA GARRETT appeared before me, the undersigned notary public. After I administered an oath to her, upon her oath, she said:

1. "My name is Alta Garrett. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the plaintiff in this case. As plaintiff, I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

3. I was employed with defendant, Judson Independent School District (JISD) as an educator from approximately August 1991 to May 2005, a total of 14 years.

4. In or about August 1997, I was hired on with WoodLake Middle School (WHMS) by Mr. John Snowdy and remained there until my unlawful termination in May 2005, a total of 8 years.

5. During the course of my employment with JISD and WHMS I received proficient evaluations, which met or exceeded JISD standards. Herein attached and referred to as Ex. "1" are copies of my performance appraisals/evaluations with JISD.

6. On or about February 6, 2002, I had a meeting with Ms. Ruffin whereby I informed Ms. Ruffin that it would be illegal to put resource and co-teach students in the ACE/CMC programs who were not eligible for such programs.

7. As part of my duties as the person in charge of the ACE/CMC program and after checking the internet to confirm my opinion, I placed a memo in WHMS teachers' mailboxes to inform them not to transfer their students to the ACE/CMC program if they were not eligible, assuming in the process that since I had discussed the program with Ms. Ruffin, it would be pertinent to inform other staff members who were unaware of the import of placing students in the ACE/CMC program that were not eligible, to prevent them from committing an illegal act. Herein attached and referred to as Ex. "2" is a copy of JISD's Special Conference Form dated 2/25/02 written by Ms. Ruffin confirming my discussion with Ms. Ruffin and memo placed in WHMS teacher's mailboxes.

8. In or about August of 2002, as a proximate and direct result of the foregoing Special Conference with Ms. Ruffin, Ms. Ruffin transferred me from my position as the teacher in charge of the ACE program to the classroom.

9. Subsequently after the said adverse employment action at the beginning of the school year in August of 2002 I started receiving low appraisal ratings.

10. In or about February of 2003 and March of 2004 as a direct and proximate result of the foregoing I applied to transfer to other campuses within Judson Independent School District. Herein attached and referred to as Ex. "3" are copies of JISD's Memorandum dated 3/11/03, 4/13/04, and 4/19/04 confirming my applications for transfers and the fact that Ms. Ruffin received copies of my applications for transfer.

11. All my written requests for transfer were denied by JISD despite other requests for transfers that continued to be granted to Joyce Sweet, Stacy Decuir, Claudia Johnson, Anita Croft and other white employees.

12. On September 18, 2003 I received walk-through documentation from Ms. Ruffin, in which Ms. Ruffin made false and unwarranted allegations of incompetency against me. Herein attached and referred to as Ex. "4" is a copy of the said walk-through documentation containing the false and unwarranted allegations of incompetency that Ms. Ruffin had made against me.

13. On or about September 22, 2003, as a direct and proximate result of Ms. Ruffin's foregoing false and unwarranted allegations of incompetency against me together with other unwarranted low appraisals, I contacted Mr. Richard L. Arnett, the ATPE attorney of which I was a member to file a formal grievance against Ms. Ruffin and the District. Herein attached and referred to as Ex. "5" is a copy of Brim, Arnett, Robinett, Hanner & Conners, P.C.'s letter dated 9/22/03 confirming their intent to represent me.

14. On October 1, 2003, Mr. Arnett initiated a Grievance hearing on my behalf due to the false and unwarranted allegations of incompetency Ms. Ruffin leveled against me. Herein attached and referred to as Ex. "6" is a copy of Mr. Arnett's letter dated 10/1/03 confirming the filing of Ms. Garrett's response to Ms. Ruffin's said walk-through documentation.